

**FILED**
Dec 29 2020
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY s/ AKR  DEPUTY

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 28 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff - Appellee,<br><br>   v.<br><br>PAUL RAMPOLDI,<br><br>            Defendant - Appellant. | No. 18-50247<br><br>D.C. No. 3:16-cr-01842-DMS-1<br>U.S. District Court for Southern California, San Diego<br><br>**MANDATE** |

The judgment of this Court, entered October 09, 2020, takes effect this date.

This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure.

FOR THE COURT:

MOLLY C. DWYER
CLERK OF COURT

By: Jessica Flores
Deputy Clerk
Ninth Circuit Rule 27-7

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 9 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff-Appellee, v. PAUL RAMPOLDI, Defendant-Appellant. | No.  18-50247 D.C. No. 3:16-cr-01842-DMS-1 MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Submitted October 7, 2020**
Pasadena, California

Before: KLEINFELD, HURWITZ, and BRESS, Circuit Judges.

Paul Rampoldi was convicted after a jury trial of conspiracy to engage in insider trading, wire fraud, and money laundering. The district court sentenced him to eighteen months in prison. Rampoldi appeals his conviction and sentence; we affirm.

---

    *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    **     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1.      No fatal variance was caused by Chad Weigand's testimony that Rampoldi may have received inside information in a manner different than alleged in the indictment.  The evidence at trial, which included Rampoldi's statements to the FBI, was sufficient to prove the allegations in the indictment about how the information was obtained.  *See United States v. Universal Trade & Indus., Inc.*, 695 F.2d 1151, 1153-54 (9th Cir. 1983); *United States v. Kenny*, 645 F.2d 1323, 1336-37 (9th Cir. 1981).  And, any surprise from Weigand's testimony was immaterial.  *See United States v. Bhagat*, 436 F.3d 1140, 1146-47 (9th Cir. 2006).

2.      The government's alleged failure to correct Weigand's testimony did not violate *Napue v. Illinois*, 360 U.S. 264 (1959).  A *Napue* violation requires proving that (1) the testimony was actually false, (2) the government knew or should have known it was false, and (3) the testimony was material.  *United States v. Renzi*, 769 F.3d 731, 751 (9th Cir. 2014).  Rampoldi failed to show the witness's testimony was false, as opposed to merely inconsistent, and the witness attempted to explain the apparent inconsistencies.  *See id.* at 752.  Rampoldi "at most point[s] to evidence creating an inference of falsity," *United States v. Houston*, 648 F.3d 806, 814 (9th Cir. 2011), which is not sufficient.  Moreover, defense counsel extensively and effectively cross-examined Weigand about the alleged inconsistencies.  *See Renzi*, 769 F.3d at 752.

3.      During deliberations, the jury asked whether there was a clear end date

to the conspiracy, which was charged as ending "on or about" a given date. The court responded by reading the pattern jury instruction defining that phrase. That response was not an abuse of discretion. *See Arizona v. Johnson*, 351 F.3d 988, 993 (9th Cir. 2003) (standard of review). The instruction did not expand the temporal scope of the charged conspiracy, and because it merely clarified an existing theory of liability, no supplemental argument was required. *See United States v. Fontenot*, 14 F.3d 1364, 1368 (9th Cir. 1994).

  4. Rampoldi was not denied due process at sentencing. The government did not take "fundamentally inconsistent theories" in bad faith. *Nguyen v. Lindsey*, 232 F.3d 1236, 1240 (9th Cir. 2000). Rather, the government advocated for a lower loss amount for a co-conspirator because it was required by his plea agreement, while informing the district court that in fact both co-conspirators had caused the same loss. Judicial estoppel is not warranted, as the court was not misled by any statement by the government. *See New Hampshire v. Maine*, 532 U.S. 742, 750-51 (2001).

  **AFFIRMED.**